IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH WAYNE GRABLE, II,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>GRANT COX, MISSOULA COUNTY ATTORNEY'S OFFICE,<br><br>　　　　Respondents. | Cause No. CV 23-84-M-DLC<br><br><br>ORDER |

　　　Petitioner, a pretrial detainee incarcerated at the Missoula County Detention Center, filed a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241. (Doc. 1.) Grable did not pay the filing fee nor submit an application to proceed in forma pauperis. There is no reason, however, to delay this matter further.

　　　Grable claims he is being charged with Burglary over the theft of a sandwich, which he claims he did not take. (*Id*. at 2.) The incident occurred on May 23, 2023. Grable states he has not been to trial yet, but that he would like "to plead out to a lesser charge instead of wasting Missoulian's taxpayers money and time." (*Id*.) Grable asks this Court to dismiss the state matter or allow him to plead to a misdemeanor charge, such as shoplifting. (*Id*. at 7.)

　　　28 U.S.C. §2241 "provides generally for the granting of writs of habeas

1

corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008) (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive

or declaratory relief absent extraordinary circumstances).

On the face of his petition, Grable acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are ongoing. (Doc. 1 at 4.) Thus, to the extent that Grable could present a cognizable claim, such claim is unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. It appears at this juncture that Grable's state criminal proceedings are still in their initial stages. Thus, his claim that if he is guilty of anything, it would be a less serious criminal offense, is not the type of unusual circumstance that might justify an exception to *Younger* abstention. Grable may attempt to obtain the relief he seeks via his pending state court proceedings or direct appeal therefrom.

Finally, Grable is advised that this Court can only consider purported errors of federal law and does not sit in direct review of state matters. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540,

543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, even if Grable believes that the state courts have erred in charging him, that claim involves the application of state law and is neither a proper nor cognizable ground for relief in a federal habeas corpus proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas).

Grable has not exhausted his state court remedies and his situation does not involve an adequately "unusual" circumstance. His § 2241 petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

The claim Grable attempts to present is unexhausted and does not meet the "unusual circumstances" exception to abstention.  Further, as plead, the claim is not cognizable in federal habeas.  Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, the Court enters the following:

## ORDER

1. Grable's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 25th day of July, 2023.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge